NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ALEJANDRO GARCIA NAVA, | No. 21-70323 |
| Petitioner, | Agency No. A209-864-872 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023**
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Roberto Alejandro Garcia Nava petitions for review of a decision of the

Board of Immigration Appeals dismissing his appeal from an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT").  We deny the petition.

**1.** Substantial evidence supports the agency's determination that Garcia Nava did not demonstrate the "clear probability of persecution" necessary for withholding of removal.  *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).  The record supports the agency's finding that he had not suffered any past persecution because Garcia Nava testified that he had never been threatened or harmed while living in Mexico.  Regarding future persecution, the agency had sufficient evidence to conclude that it is not "more likely than not" that Garcia Nava will be persecuted if he is removed to Mexico.  *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021) (citation omitted).  Garcia Nava's testimony and the evidence that he presented detailing the dangerous conditions in Mexico, especially in his home city of Acapulco, do not adequately establish that he faces any particularized risk of persecution.  *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005).  His claimed fear of persecution is also undermined by the agency's finding that his immediate relatives live safely in Acapulco.  The record therefore does not compel the conclusion that Garcia Nava faces a clear probability of persecution if he

returns to Mexico. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021).[1]

**2.** The record does not compel reversal of the agency's denial of CAT protection. *See Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). For a successful CAT claim, the applicant must show that it is more likely than not he would be tortured upon return to his homeland with the consent or acquiescence of the government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). "Torture is more severe than persecution." *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (citation and quotation marks omitted). Because substantial evidence supports the agency's conclusion that it is not more likely than not that Garcia Nava will suffer persecution if removed to Mexico, the same is true of the agency's determination that Garcia Nava failed to establish that it is "more likely than not that he would be tortured if returned to Mexico."

**PETITION FOR REVIEW DENIED.**

---

[1] Garcia Nava's request that we remand for the agency to consider the COVID-19 pandemic's effect on his claim is more appropriately addressed through a motion to reopen. *See Meza-Vallejos v. Holder*, 669 F.3d 920, 924 (9th Cir. 2012) ("A motion to reopen is a traditional procedural mechanism . . . to give aliens a means to provide new information relevant to their cases to the immigration authorities." (citation and quotation marks omitted)).